**Linda J. Larkin**, OSB# 792954
E-mail: linda@bennetthartman.com
**BENNETT, HARTMAN, MORRIS & KAPLAN, LLP**
210 SW Morrison Street, Suite 500
Portland, OR   97204-3149
Telephone:  503-227-4600
Facsimile:  503-248-6800
**Attorney for All Plaintiffs**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| TIMOTHY J. GAUTHIER AND GARY YOUNG, TRUSTEES OF THE OREGON AND SOUTHWEST WASHINGTON NECA-IBEW ELECTRICAL WORKERS AUDIT COMMITTEE, | Civil No. _____ |
| Plaintiffs, | COMPLAINT |
| vs. | (ERISA Action for Delinquent Contributions, Pendent Claims for Breach of Agreement) |
| CROWN VOLTAGE, INC.  a Washington Corporation, Defendant. | |

## PARTIES

1.      At all material times hereto, Plaintiffs Timothy J. Gauthier and Gary Young are

Trustees of and comprise the Oregon-Southwest Washington NECA-IBEW Electrical Workers

Audit Committee (the "Audit Committee"), and are the designated collection agents for the

trustees of the Trust Funds, authorized to collect from signatory employers the fringe benefit

contributions and other amounts required to be paid by employers or withheld from their

COMPLAINT                                                                PAGE 1 of 10

employees' wages, under the Collective Bargaining Agreements ("CBAs") and the provisions of the Trust Agreements.

2.    Pursuant to the terms of the CBAs, and pursuant to policies and procedures agreed upon by the Oregon-Columbia Chapter of National Electrical Contractors Association ("NECA"), International Brotherhood of Electrical Workers, IBEW L. 48 ("IBEW L. 48"), International Brotherhood of Electrical Workers Harrison Electrical Workers Trust Fund ("Harrison Trust"), Edison Pension Trust ("Edison Trust"), National Electrical Benefit Fund ("NEBF"), International Brotherhood of Electrical Workers District No. 9 Pension Plan ("District 9 Pension Plan"), NECA-IBEW Electrical Training Trust ("Training Trust"), the Cornell-Hart Pension Trust Fund ("Cornell-Hart"),  and the Barnes-Allison Labor-Management Cooperation Trust Committee ("BALMCC"),  the Audit Committee is authorized to take appropriate action, on behalf of the Trust Funds and IBEW L. 48 to collect all amounts owed by an employer under, and enforce the terms of, the CBAs requiring payment of wage withholdings, fringe benefit contributions, interest, liquidated damages, and collection costs.

3.    At all material times hereto, Harrison Trust is an employee benefit plan within the meaning of 29 USC § 1002, *et. seq.* of ERISA.  Harrison Trust is administered by a Board of Trustees composed of an equal number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186.

4.    At all material times hereto, Edison Trust is an employee benefit plan within the meaning of 29 USC § 1002, *et. seq.* of the Employee Retirement Income Security Act of 1974, as amended (ERISA).  Edison Trust is administered by a Board of Trustees composed of an equal number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186.

COMPLAINT                                                          PAGE 2 of 10

5.      At all material times hereto, NEBF is an employee benefit plan within the meaning of 29 USC § 1002, *et. seq.* of ERISA.  NEBF is administered by a Board of Trustees composed of an equal number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186.

6.      At all material times hereto, District No. 9 Pension Plan is an employee benefit plan within the meaning of 29 USC § 1002, *et. seq.* of ERISA.  District 9 Pension Plan is administered by a Board of Trustees composed of an equal number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186.

7.      At all material times hereto, the Training Trust was and is an employee benefit plan within the meaning of 29 USC § 1002, *et. seq.* of ERISA.  The Training Trust is administered by a Board of Trustees composed of an equal number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186.

8.      At all material times hereto, Cornell-Hart was and is an employee benefit plan within the meaning of 29 USC § 1002, *et. seq.* of ERISA.  Cornell-Hart is administered by a Board of Trustees composed of an equal number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186.

9.      At all material times hereto, BALMCC was and is an employee benefit plan within the meaning of 29 USC § 1002, *et. seq.* of ERISA.  BALMCC is administered by a Board of Trustees composed of an equal number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186.

10.     At all material times hereto, IBEW L. 48 is a labor organization with its principal office and place of business in Multnomah County, Oregon, representing employees of the defendant.

COMPLAINT                                                    PAGE 3 of 10

11.     Herein, Harrison Trust, Edison Trust, NEBF, Training Trust, BALMCC, and District 9 Pension together will be collectively referred to as the Trust Funds ("Trust Funds").

12.     At all material times hereto, defendant Crown Voltage, Inc. ("Crown Voltage") was and is a Washington corporation registered to do business in Oregon.

## JURISDICTION AND VENUE

13.     This court has jurisdiction over the First Claim for Relief brought pursuant to Sections 502 and 515 of ERISA, 29 USC §§ 1132 and 1145, and pursuant to 29 USC §185.

14.     Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 USA § 1132.

15.     At all material times to this proceeding, defendant Crown Voltage was bound by written CBAs with IBEW L. 48.

16.     Plaintiffs maintain their principal office, within the meaning of 29 USC § 1132(k), in the District of Oregon.

17.     By virtue of the provisions in the CBAs, Crown Voltage agreed to be bound to the terms of the Trust Agreements and plans for each fringe benefit fund, and acknowledged, accepted, and agreed to the delegation of the collection authority to the Audit Committee.

18.     The Trust Agreements provide that plaintiffs may initiate legal proceedings in the venue of Multnomah County, Oregon.

19.     The Court should assume pendent jurisdiction over the Second and Third Claims for Relief against defendant which alleges breach of contract for the following reasons:

    a.      The Court has jurisdiction over Plaintiffs' First Claim for Relief which alleges violations of ERISA and of the LMRA;

b.    The Second and Third Claims for breach of contract are based upon the same operative facts which are alleged in Plaintiffs' ERISA and LMRA claims; and

c.    Judicial economy, convenience and fairness to the parties will result if the Court assumes and exercises pendent jurisdiction over Plaintiffs' Second and Third Claims for Relief.

### FIRST CLAIM FOR RELIEF

### (ERISA ACTION FOR OUTSTANDING TRUST FUND CONTRIBUTIONS AND SPECIFIC ENFORCEMENT OF THE CBA)

20.    Plaintiffs re-allege and incorporate by this reference paragraphs 1 through 19 of this complaint as if set forth in full.

21.    Under the terms of the CBAs, Crown Voltage agreed to report labor performed by its employees and pay all contribution and withholdings required under the CBAs and applicable Trust Agreements.

22.    Under the CBAs, Crown Voltage also agreed:

a.    To file contribution reports for each period of covered employment;

b.    To pay contributions and amounts owing by the fifteenth (15th) day of the month following each applicable period;

c.    To pay liquidated damages to the Trust Funds for each month of delinquent contributions;

d.    To pay interest at the rate of 1.0 percent per month from the date contributions were due, until paid; and

e.    To pay reasonable attorney fees and costs for all collection efforts.

COMPLAINT                                                      PAGE 5 of 10

23.    Defendant Crown Voltage filed reporting but failed to properly fund reports as required under the terms of the CBAs for the hours worked in November and December 2018.

24.    The total underpayment of contributions as disclosed by reporting submitted for November and December 2018 by Defendant is in the sum of $42,995.73 less a credit of $2,519.87 leaving a balance due for contributions of $40,475.86, all of which remains outstanding and unpaid.

25.    Based upon the unpaid contributions Crown Voltage owes to the Trust Funds liquidated damages to which the Trust Funds are entitled under the Agreements and 29 USC § 1132(g)(2) in the sum of $6,845.11.

26.    Based upon the unpaid contributions owing to the Trust Funds under 29 USC § 1132(g) (2) and the Trust Agreements now due and owing from Crown Voltage is interest on the unpaid contributions at the rate of one (1.0%) percent per month from the date contributions were due until paid or the sum of $595.30 calculated through March 1, 2019.

27.    The Trust Agreements which govern the Trust Funds provide that in the event that defendant Crown Voltage fails to pay employee benefit contributions and legal proceedings are instituted, the Trust Funds are entitled to recover a reasonable attorney fee and all their costs to be determined herein.  Plaintiffs are also entitled to their reasonable attorney fees and costs under the provisions of 29 USC § 1132(g) (2).

### SECOND CLAIM FOR RELIEF

### PENDANT CLAIM FOR LIQUIDATED DAMAGES

28.    Plaintiffs re-allege paragraphs 1 through 27 above as if fully set forth herein.

29.    Under the terms of the collective bargaining agreements between Crown Voltage and IBEW L. 48 and the terms of the Trust Agreements of the Trust Funds, Crown Voltage

COMPLAINT                                                                 PAGE 6 of 10

agrees to make payments for fringe benefits as provided for in said agreements each month on behalf of each employee covered by the collective bargaining agreements. Crown Voltage agrees thereby to be bound by the terms of the Trust Agreements and the acts and determinations of the Trustees.

30.     The Trust Agreements provide that contributions for employee benefits for each calendar month are due on the 15th day of the month following the month in which the hours are worked and payment is delinquent if not received by the close of business on the fifteenth of the month.  The Trust Agreements also provides that in the event that the contributions for employee benefits are delinquent, the delinquent employer becomes liable for interest on the outstanding contributions at the rate of 12% per annum from the date due until paid; liquidated damages, collection costs, and reasonable attorney fees and costs.

31.     At the time the Trust Agreements were written it was impractical and extremely difficult to fix the amount of damages or harm that would be caused to the Trust Fund by the failure of an employer to properly and timely pay contributions.  The Trust Agreements provide that in the event that contributions have been received but a payment of liquidated damages in a sum fixed under the Trust Agreement and interest shall be due.

32.     Crown Voltage failed to pay contributions due and owing to the Trust Funds for the months of October, 2016 and November 2016, January through July 2017, July 2018 through October, 2018 timely and was delinquent and breached the terms and provisions of the Trust Agreement, and liquidated damages are now due.

33.     As a result of Crown Voltage's delinquency and breach of the Trust Agreement, Crown Voltage owes the Trust Funds the sum of $21,317.95 as liquidated damages and $161.11

in interest. Interest is also due pursuant to 29 USC § 1002 *et seq*. To date, and despite demand for payment, Crown Voltage has failed to pay these amounts.

34.      Based on the terms of the Trust Agreement and the CBA, Plaintiffs are also entitled to recover reasonable attorneys' fees and collection costs from Crown Voltage.

## THIRD CLAIM FOR RELIEF

## (PENDANT CLAIM FOR BREACH OF CONTRACT)

35.      Plaintiffs re-allege paragraphs 1 through 34 above as if fully set forth herein.

36.      The CBAs provide that the Audit Committee shall enforce collection of and Crown Voltage shall pay wage withholding and forward to the Audit Committee's collection agent, certain amounts due to employees for union dues, Political Action Committee contributions, and vacation funds.

37.      The CBAs provide that Crown Voltage shall pay to the Audit Committee's collection agent certain amounts due to employees for Administrative Fund contributions.

38.      The amounts due for union dues, the Political Action Committee contributions, vacation funds and the Administrative Fund are due and payable on the 15th day of the month following the month in which the hours were worked and wages were earned which form the basis of the calculation of the amounts due.

39.      For the months of November and December 2018, Crown Voltage reported but did not pay the wages withheld or the sums due for: union dues, the Political Action Committee contributions, vacation funds, and Administrative Funds in the amount of $5,669.11.

40.      Pursuant to ORS 82.010 *et seq* monies which become due and owing bear interest at the rate of nine percent per annum. Interest accrues daily on the total amount due for PAC, union dues, vacation funds, and Administrative Funds at the rate of nine percent (9%) per

annum. Plaintiff should be awarded interest on the balance due for wages withheld and/or due

from the date due until Judgment is obtained at the rate of nine percent (9%) per annum or the

sum of $93.24 calculated through March 1, 2019.

WHEREFORE, plaintiffs pray for judgment against Crown Voltage as follows:

1.    Under the First Claim for Relief from defendant Crown Voltage:

    a.    For unpaid contributions in the amount of $40,475.86;

    b.    For liquidated damages due arising from the non-payment of contributions
in the sum or $6,845.11; and

    c.    For interest arising from the late payment of calculated at the rate of 1%
per month from the date payment was due for each month through the date
payment is received, or calculated in the amount of $595.30 through
March 1, 2019.

2.    Under the Second Claim for Relief against defendant Crown Voltage:

    a.    For liquidated damages due arising from the non-payment of contributions
in the sum or $21,317.95; and

    b.    For interest arising from the late payment of calculated at the rate of 1%
per month from the date payment was due for each month through the date
payment is received, or calculated in the amount of $161.11 through
March 1, 2019.

3.    Under the Third Claim for Relief against Crown Voltage, L.L.C.:

    a.    For wage withholdings in the sum of $5,669.11; and

COMPLAINT                                             PAGE 9 of 10

b.    For interest at the rate of nine percent per annum or calculated from the

date each payment was due through March 1, 2019 in the total sum of

$93.24.

4.    Under all claims for relief above, for Plaintiff's reasonable attorney fees and costs

and disbursements incurred herein.

DATED this _____19th_____ day of February, 2019.

BENNETT, HARTMAN, MORRIS & KAPLAN, LLP

/s/ Linda J. Larkin
Linda J. Larkin, OSB No. 792954
Telephone:  503-227-4600
E-Mail: larkinl@bennetthartman.com
Attorney for All Plaintiff

COMPLAINT